By the Court, Cowen, J.
It is agreed that the statute no. where provides expressly for a concurrent redemption by, and apportionment among, different creditors holding judgments-docketed at the same instant. And the stipulation entered into by these three, does not vary the case. There is no provision by it in regard to terms of redemption ; and if there were, we could not compel a specific execution by writ of mandamus. After a purchase at sheriff’s sale, any creditor, either senior or junior, or the assignee of such creditor, may redeem on paying the purchaser’s bid with interest. (2 R. S. 294, § 51, 2d ed.) This, Ives did, he being assignee of Bell and Clark, junior creditors. Then, their being no special provision for a. *641 creditor whose docket was made at the same time with his, the terms on which. Miter could redeem seem to he prescribed in section fifty-five, subdivision one. This declares, that one creditor having redeemed from the purchaser, any other who might have redeemed from the same purchaser, may still take the redeeming creditor’s right, on reimbursing the sum paid by him with interest on that By subdivision t\vo, no more need be paid, unless the lien, in virtue of which the first creditor redeemed, be prior to that of the creditor who comes to redeem from him. In such case he must be also paid the amount of the lien in virtue of which he redeemed. This restraint cannot, that I see, be applied in favor of Ives’ claim, simply because it was not prior to Miter’s. I doubt whether the rule in Adams v. Dyer, (8 John. R. 347,) and Waterman v. Haskin, (11 id. 228,) can be so applied to this case as to place Ives in the position of a senior creditor, although, having an equal right with Miter, he came first to redeem. But it is not necessary to decide that question. If Miter had a right to redeem, as he claims to have had, under subdivision one, of section fifty-five, he should at least have offered what Ives had, paid, $>430, with interest, whereas he merely offered the amount of the original hid, and interest on that. It is said, he offered his own share of the original purchase money, and more too; and is at least entitled to a deed in proportionate shares with Ives. But the statute provides for no puch thing; and we cannot add tee it.
Whether any? and what relief, Miter may be entitled to in equity, it is not necessary to decide. It is enough to see that he corngs within uq provision of the statute, under which we can direct a conveyance to him, either in whole or in part. Even if an equitable intent in the statute to allow the latter, be derivable from it, we have no means by which, under a writ of mandamus, we could settle the apportionment of land for money.
A peremptory mandamus therefore follows, commanding the execution of a conveyance by the sheriff to Ives,
Motion granted.